UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: BAYCOL PRODUCTS LITIGATION — MDL No. 1431 (MJD)

This Document also relates to:

Amelia J. Ceballos v. Bayer Corporation et al., — Case No. 02-149

---

David Sampedro, Panter, Panter & Sampedro, P.A., for and on behalf of Plaintiff.

Asa B. Groves, Groves & Verona, P.A. for and on behalf of Eckerd Corporation.

Peter Sipkins, Dorsey & Whitney, Philip S. Beck, Adam L. Hoeflich and Tarek Ismail, Barlit Beck Herman Palenchar & Scott, Susan A. Weber and Sara J. Gourley, Sidley Austin Brown & Wood and Richard K. Dandrea, Eckert Seamens Cherin & Mellott, LLC, for and on behalf of Bayer Corporation.

---

This matter is before the Court upon Plaintiff Ceballos' motion to remand and upon Defendant Eckerd Corporation's d/b/a Eckerd Drugs ("Eckerd") motion to dismiss.

Background

Plaintiff filed a Complaint in Florida state court in August 2001, and it was timely removed by Bayer Corporation on September 24, 200 to the United States District Court, Southern District of Florida based on diversity jurisdiction. The matter was later transferred to this Court pursuant to a Conditional Transfer Order of the Judicial Panel on Multidistrict Litigation, which became effective January 8, 2002.

In her Complaint, Plaintiff asserted claims of strict liability and negligence against Eckerd, alleging that Eckerd had a duty to use due care in distributing, warning,



FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

instructing and otherwise exercising due caution and care with respect to the introduction of Baycol into the stream of commerce, and that Eckerd breached such duty.

Plaintiff is a citizen of Florida, and Defendant Bayer Corporation is an Indiana corporation, with its principal place of business in Pennsylvania. Eckerd is a foreign corporation with its principal place of business in Florida.

Plaintiff asserts that this Court does not have subject matter jurisdiction over her action as all parties are not diverse. Plaintiff thus moves to remand this action to Florida state court. Bayer opposes the motion to remand, arguing that Eckerd has been fraudulently joined as Plaintiff has no cause of action against Eckerd. Eckerd moves to dismiss, also arguing that Plaintiff has not stated a claim against Eckerd.

Standard

Remand to state court is proper if the district court lacks subject matter jurisdiction over the asserted claims. 28 U.S.C. § 1447(c). In reviewing a motion to remand, the court must resolve all doubts in favor of a remand to state court, and the party opposing remand has the burden of establishing federal jurisdiction by a preponderance of the evidence. In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1983)(citing Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3rd Cir. 1987) cert. dismissed 484 U.S. 1021 (1988)).

Fraudulently joined defendants will not defeat diversity jurisdiction. Ritchey v. Upjohn Drug Company, 139 F.3d 1313, 1318 (9th Cir. 1998). "Fraudulent joinder exists if, on the face of plaintiff's state court pleadings, no cause of action lies against the resident defendant." Anderson v. Home Insurance Company, 724 F.2d 82, 84 (8th Cir. 1993).

Dismissal of fraudulently joined non-diverse defendants is appropriate. Wiles v. Capitol Indemnity Corp., 280 F.3d 868, 871 (8th Cir. 2002).

If a plaintiff fails to state a cause of action against a non-diverse defendant, and the failure is obvious according to settled rules of law of the state in which the action was brought, the joinder of the non-diverse defendant is deemed to be fraudulent. Ritchey v. Upjohn Drug Company, 139 F.3d 1313, 1318 (9th Cir. 1998).

Analysis

Both Bayer and Eckerd argue that a retail pharmacy cannot be held strictly liable for injuries caused by a defective drug pursuant to Florida law. McLeod v. W.S. Merrell Company, 174 So.2d 736 (Fla. 1965). In opposition to Eckerd's motion to dismiss, and in support of her motion to remand, Plaintiff asserts that Florida law provides that a pharmacist can be held strictly liable for dispensing an unsafe drug. In support, Plaintiff cites to West v. Caterpillar Tractor Co., 336 So.2d 80 (Fla. 1976) in which the Florida Supreme Court adopted section 402(A) of the Restatement (Second) of Torts (1965) and thus held that those who profit from the sale or distribution of a particular product can be held strictly liable. Plaintiff further argues that as West was decided after McLeod, McLeod is no longer controlling. Plaintiff further attempts to distinguish McLeod by arguing that that case involved a claim of breach of implied warranty of merchantability and of fitness for a particular purpose, therefore it has no bearing on a claim of strict liability.

There is no basis upon which to distinguish McLeod simply because that case involved breach of warranty claims. As stated by the court:

> While the claim of the petitioner is presented in the posture of an alleged breach of implied warranties, actually, the real theory upon which we are invited to rely is the rapidly evolving concept of strict liability without fault. . . .The obvious effect of the application of this concept, were we to accept it, would be to convert the retail prescription druggists into insurers of the safety of the manufactured drug. . . .The concept of strict liability without fault should not be applied to the prescription druggists in the instant situation.

McLeod, 174 So.2d at 739 (citations omitted). McLeod thus directly addresses the issue of whether strict liability may be imposed against a pharmacist.

The Court also rejects Plaintiff's claim that West supercedes McLeod. Plaintiff cites to no Florida case following West in which the court held that a pharmacist could be held strictly liable for dispensing a drug in accordance with a duly written prescription. By contrast, McLeod has been cited, post West, for the proposition that Florida law precludes strict liability against a pharmacy. See, eg., Cohn v. Dept. of Professional Regulation, 477 So. 2d 1039 (Fla. Dist. Ct. App. 1985)(J. Jorgenson concurring in part and dissenting in part); In re: Rezulin Product Liability Litigation, 2002 WL 511550 (S.D.N.Y 2002).

With respect to Plaintiff's claim of negligence against Eckerd, the court in McLeod also set forth a pharmacist's duty under Florida law.

> [T]he rights of the consumer can be preserved, and the responsibilities of the retail prescription druggist can be imposed, under the concept that a druggist who sells a prescription warrants that (1) he will compound the drug prescribed; (2) he has used due and proper care in filling the prescription (failure of which might also give rise to an action in negligence); (3) the proper methods were used in the compounding process; (4) the drug has not been infected with some adulterating foreign substance.

Id. at 739; Pysz, 457 So.2d at 562; Johnson v. Walgreen Co., 1037-1038.[1] In her Complaint, Plaintiff does not allege that Eckerd breached any of the duties listed in McLeod. Rather, this case involves allegations that are factually indistinguishable from the claims presented in McLeod, Pysz and Johnson. Accordingly, the Court finds that Plaintiff has failed to state a claim of negligence against Eckerd.

Because on the face of Plaintiff's pleadings no cause of action lies against the resident Eckerd, Eckerd is not a proper party to this action and should be dismissed. Because the remaining parties to this action are diverse, and the amount in controversy exceeds $75,000, this Court has diversity jurisdiction over Plaintiff's Complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' Motion to Remand is DENIED.

2. Defendant Eckerd Corporation's Motion is Dismiss is GRANTED.

Date: June 18, 2002

Michael J. Davis
Michael J. Davis
United States District Court

[1]Although Pysz was limited to its facts, see, 457 So.2d at 562, the court in Johnson nonetheless relied on both Psyz and McLeod, finding those cases factually indistinguishable. Johnson, at 1038.